**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| SHIRLEY MOORE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 16 CV 2861 |
| | ) |
| VILLAGE OF SAUK VILLAGE, OFFICER | ) Judge Elaine E. Bucklo |
| REBECCA SAILSBERRY, #02, GARY LUKE, | ) |
| #128, OFFICER JOSHUA MORRIS, #122, | ) |
| OFFICER CHAD FREDERICKSON, #106, and | ) |
| OFFICER JACOB HOWARD, #114, | ) |
| | ) |
| Defendants. | ) |

**DEFENDANT VILLAGE OF SAUK VILLAGE'S**
**ANSWER TO PLAINTIFF'S COMPLAINT**

Now comes the Defendant, the Village of Sauk Village ("Village"), by and through its

counsel, Odelson & Sterk, Ltd, and for its Answer to Plaintiff Shirley Moore's complaint, states

as follows:

**INTRODUCTION**

1.      This is a civil action seeking damages against defendants for committing acts under

color of law, and depriving plaintiffs of rights secured by the Constitution and laws of the United

States.

**ANSWER:** Defendant denies Plaintiff was deprived of any rights under the Constitution

and laws of the United States. The remaining allegations in paragraph one are legal conclusions

for which no answer is required.

2.      These actions, while individual constitutional violations, were mostly taken

pursuant to policies and practices of Defendant Sauk Village.

**ANSWER:** Defendant denies the allegations in paragraph two.

## JURISDICTION

3.      This action is brought pursuant to the Civil Rights Act, 42 U.S.C. § 1983, *Monell v. N.Y. Dep't of Soc. Servs.*, 436 U.S. 658 (1978), and the Fourth and Fourteenth Amendments to the United States Constitution.

**ANSWER:** Paragraph three contains legal conclusions for which no answer is required.

4.      The jurisdiction of this Court is invoked pursuant to the judicial code 28 U.S.C. § 1331 and 1343 (a); the Constitution of the United States; and pendent jurisdiction as provided under U.S.C. § 1367(a).

**ANSWER:** Paragraph four calls for legal conclusions for which no answer is required

## PARTIES

5.      Plaintiff Shirley Moore is a citizen of the United States of America, who resides in Cook County, Illinois.

**ANSWER:** Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph five.

6.      Defendants Officers Rebecca Sailsberry, #02, Gary Luke, #128, Officer Joshua Morris, #122, Officer Chad Frederickson, #106, and Officer Jacob Howard, #114 ("Defendant Officers") were, at the time of this occurrence, duly licensed Sauk Village Police Officers.  They engaged in the conduct complained of in the course and scope of their employment and under color of law.  They are sued in their individual capacities.

**ANSWER:** Defendant admits that Officer Rebecca Sailsberry; Officer Gary Luke; Officer Joshua Morris; Officer Chad Frederickson and Officer Jacob Howard were employed by the Village of Sauk Village. The remaining allegations contained in paragraph six are legal conclusions for which no answer is required.

7.      Defendant Village of Sauk Village ("Village") is a municipal corporation duly incorporated under the laws of the State of Illinois, and is the employer and principal of the police officer defendants.

**ANSWER:** Defendant admits that it is a municipal corporation incorporated under the laws of the State of Illinois and is the employer of police officer defendants. Defendant denies the remaining allegations in paragraph seven.

## FACTS

8.      Plaintiff, U.S. Army retired, Private First Class Shirley Moore, was honorably discharged from service in 2013 after approximately 9 years in service to her country.

**ANSWER:** Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph eight.

9.      Subsequent thereto, Ms. Moore was diagnosed with Post-Traumatic Stress Disorder, Mood Disorder, and Depression, among other things.  As a result of this diagnosis, Ms. Moore takes prescription medication nightly.

**ANSWER:** Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph nine.

10.      Since returning home from duty, Ms. Moore, who lives with her mother, brother, and sister, has worked various jobs and is primarily responsible for taking care of her family.

**ANSWER:** Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph ten.

11.      On April 19, 2015, Ms. Moore was driving her brother to work when she was involved in a minor fender-bender.  Ms. Moore's younger sister was also in the car with them.

3

**ANSWER:** Defendant admits that Plaintiff was operating a vehicle that was in an automobile accident on April 19, 2015. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 11.

12.    Although Ms. Moore exited the vehicle in an attempt to exchange information with the other driver, things became unnecessarily tense between the two.  In order to avoid further conflict, Ms. Moore decided to head to the police station to get an accident report.

**ANSWER:** Defendant admits that Plaintiff came to the police station to file a report. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 12.

13.    After dropping her brother off at work, Ms. Moore went to the Ford Heights Police Department to report the accident.  There, she was informed that due to the location of the accident she would have to get a report from the Sauk Village Police Department.

**ANSWER:** Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 13.

14.    Ms. Moore went straight from the Ford Heights Police Department to the Sauk Village Police Department.

**ANSWER:** Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 14.

15.    Expecting the encounter to take a matter of minutes, Ms. Moore left her younger sister in the car to wait while she went into the Sauk Village Police Department to complete an accident report.

**ANSWER:** Defendant admits Plaintiff went into the Sauk Village Police Department to file an accident report. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 15.

16.     Upon entering the Sauk Village Police Department, Ms. Moore was detained by the defendant officers.

**ANSWER:** Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 16.

17.     The defendant officers also accused Ms. Moore's brother of being a drug dealer, and committing other elicit acts.

**ANSWER:** Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 17.

18.     Specifically, Defendant Luke threatened and intimidated Ms. Moore into waiving her *Miranda* rights, stating words to the effect of, "if you don't sign this, you're going to be in more trouble," and "you won't be going anywhere soon."

**ANSWER:** Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 18.

19.     Prior to this interaction, Ms. Moore had never been arrested before.  In fact, she has had little or no interaction with the police in her entire life.

**ANSWER:** Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 19.

20.     Ms. Moore explained this to the defendant officers, and Defendant Luke specifically, and the defendant officers attempted to use this against Ms. Moore by coercing her into waiving her constitutional rights.

**ANSWER:** Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 20.

21.     As the hours passed, Ms. Moore's younger sister walked home to tell their mother that Ms. Moore had been arrested.

**ANSWER:** Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 21.

22.     Ms. Moore's mother and sister then returned to the police station together to attempt to find out what had happened to Plaintiff, and why.

**ANSWER:** Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 22.

23.     During the course of their interactions with the defendant officers, and Defendant Luke specifically, Ms. Moore's mother explained that Plaintiff had been diagnosed with Post-Traumatic Stress Disorder and Depression, ailments which required medication daily.

**ANSWER:** Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 23.

24.     Neither Defendant Luke nor any of the other defendant officers ever attempted to obtain medical clearance for the prolonged confinement of Ms. Moore.  In fact, the defendant officers dismissed the family's warnings regarding Ms. Moore's mental health.

**ANSWER:** Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 24.

25.     As Ms. Moore's custody continued, she also explained to the defendant officers, and Defendant Luke specifically, that she was mentally ill as a result of her military service and

needed to take her medication. Ms. Moore told the Defendant Officers that she suffered from PTSD and depression and asked to take her medication.

**ANSWER:** Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 25.

26. Defendant Luke specifically, and the other defendant officers, refused to allow Ms. Moore to take her medication.

**ANSWER:** Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 26.

27. Defendant Luke specifically, and the other defendant officers, likewise never attempted to speak with a medical professional, or have a medical professional see Ms. Moore, despite being fully aware of her objectively serious medical condition.

**ANSWER:** Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 27.

28. By ignoring the warning and requests of Ms. Moore and her family, the defendant officers, and Defendant Luke specifically, were deliberately indifferent to Ms. Moore's objectively serious medical conditions of Post-Traumatic Stress Disorder and Depression.

**ANSWER:** Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 28.

29. While Ms. Moore's mental health continued to deteriorate, Defendant Luke, without a warrant or any other legal basis, searched Ms. Moore's vehicle.

**ANSWER:** Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 29.

30.     In so doing, Defendant Luke purposely turned off the body camera that he wore so as to hide any evidence of his illegal search.

**ANSWER:** Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 30.

31.     However, when confronted by Ms. Moore's family, who was in the parking lot and witnessed the illegal search, Defendant Luke turned back on his body camera in an attempt to wrestle some sort of incriminating statement from Plaintiff's family.

**ANSWER:** Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 31.

32.     Defendant Luke's actions are part and parcel of a pattern and practice within the Sauk Village Police Department wherein officers purposely turn off their body cameras, microphones, and other audio/video equipment in an attempt to hide, alter, prevent the recording of, and/or destroy evidence of their misconduct.

**ANSWER:** Defendant denies the allegations contained in paragraph 32.

33.     Despite having full knowledge that Departmental Officers purposely misuse their equipment the Village does not punish officers for their misconduct.

**ANSWER:** Defendant denies the allegations contained in paragraph 33.

34.     In so doing, the Village ratifies the officers' misconduct.

**ANSWER:** Defendant denies the allegations contained in paragraph 34.

35.     This practice is so pervasive that, even though unwritten, it has become de facto policy of the police department.

**ANSWER:** Defendant denies the allegations contained in paragraph 35.

36. This de facto policy has been allowed to spread in no small part because, at all times relevant, the department did not even have a written policy for its officers outlining the proper procedures for the use of body cameras.

**ANSWER:** Defendant denies the allegations contained in paragraph 36.

37. Worse, Defendants Howard, Morris, and/or Frederickson knew that Defendant Luke intended to search Ms. Moore's vehicle and had an opportunity to prevent the search to Plaintiff's vehicle from occurring, but failed to take steps to prevent the search from occurring.

**ANSWER:** Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 37.

38. After hours in custody, and despite the defendant officers' threats, Ms. Moore finally worked up the courage to request counsel. At this time, she also refused to answer any more questions.

**ANSWER:** Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 38.

39. As retaliation for Ms. Moore invoking her constitutionally-protected right to counsel and to remain silent, Defendant Luke unreasonably prolonged the scope and intrusiveness of her detention.

**ANSWER:** Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 39.

40. In fact, in his extraordinary occurrence report detailing the incident, Defendant Luke admits that Moore, "invoked the right to counsel which caused/prolonged her detainment."

**ANSWER:** Defendant admits the allegations in paragraph 40.

41.     As punishment for requesting an attorney, and in an attempt to coerce her into waiving her constitutional rights, Defendant Luke placed Ms. Moore in a cage.

**ANSWER:** Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 41.

42.     At that time, any reasonable person in Ms. Moore's position would have understood his or herself to be under arrest.

**ANSWER:** Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 42.

43.     Defendants Howard, Morris, and/or Frederickson knew that Defendant Luke intended to arrest Ms. Moore, and had an opportunity to prevent the arrest to Plaintiff from occurring, but failed to take steps to prevent the arrest from occurring.

**ANSWER:** Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 43.

44.     As the sunset, Ms. Moore's hope of ever being released began to dim.

**ANSWER:** Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 44.

45.     The defendant officers kept Ms. Moore in physical isolation, refusing to let any of Plaintiff's family members see her.  They also refused her medication, despite multiple requests and Plaintiff's telling them that she could feel her mood beginning to change.

**ANSWER:** Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 45.

46.     In an attempt to keep her spirits from further darkening, Ms. Moore began to sing gospel songs while she was locked in the cage.

**ANSWER:** Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 46.

47.     Upon hearing this, Defendant Luke told Ms. Moore, "God can't help you."  This was just one of many threats that Defendant Luke hurled Ms. Moore during her hours in captivity.

**ANSWER:** Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 47.

48.     Although Defendant Officers knew Ms. Moore suffered from depression and she had repeatedly requested medication, they failed to adequately supervise her.

**ANSWER:** Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 48.

49.     They placed her in a cage and left her there, unguarded.

**ANSWER:** Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 49.

 50.     They also failed to search her prior to leaving her alone in the cage.

**ANSWER:** Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph50.

51.     The Defendant Officer's failures are part and parcel of a long history of misconduct as it relates to the detention of citizens at their jail.

**ANSWER:** Defendant denies the allegations in paragraph 51.

52.     On August 14, 2015, the Illinois Department of Corrections (IDOC) inspected Sauk Village's lockup facilities to see whether it complied with the law.

**ANSWER:** Defendant admits that the Illinois Department of Corrections performed a municipal jail and lockup inspection on August 14, 2015. Defendant denies the remaining allegations in paragraph 52.

53.     IDOC then issued a report that found, among other things, that all Sauk Village jail officers and persons assigned jail duties are not trained and oriented in jail procedures.

**ANSWER:** Defendant admits that the Illinois Department of Corrections issued a report but denies the remaining allegations in paragraph 53

54.     The inspection likewise found that there are not sufficient jail officers or qualified staff present in the jail to provide adequate supervision.

**ANSWER:** Defendant admits the allegations in paragraph 54.

55.     Moreover, IDOC found that a visual check by personal inspection of each detainee was not conducted at least once every 30 minutes, as required.

**ANSWER:** Defendant admits the allegations in paragraph 55.

56.     Defendant Officers' conduct here likewise violated the Illinois Municipal Jail and Lockup Standards.

**ANSWER:** Paragraph 56 calls for a legal conclusion for which no answer is required.

57.     The defendants failed to comply with the established jail regulations and standards which provided guidance on the required precautionary measures to prevent possible suicides.

**ANSWER:** Paragraph 57 calls for a legal conclusion for which no answer is required.

58.     For example, Illinois Municipal Jail and Lockup Standards mandate that, "a detainee with a known history of mental disorder or mental defect, or a detainee who shows evidence of such condition, shall be detained only temporarily in a municipal jail and transferred as soon as possible.  In the event such a detainee is received, the detainee shall be afforded

appropriate supervision as determined by the Chief of Police or his or her designee until transferred. The Chief of Police shall immediately notify the appropriate authorities regarding the mental condition of the detainee so that a transfer can be effected."

**ANSWER:** Paragraph 58 contains a statement of law for which no answer is required.

59.     Defendants violated the Illinois Municipal Jail and Lockup Standard quoted in Paragraph 57 of this Complaint.

**ANSWER:** Paragraph 59 calls for a legal conclusion for which no answer is required.

60.     After hours in custody and being locked in a cage, Ms. Moore attempted suicide.

**ANSWER:** Defendant denies the allegations contained in paragraph 60.

61.     The failure to adequately supervise Ms. Moore while she was in custody was a moving force behind her injury.

**ANSWER:** Defendant denies the allegations contained in paragraph 61.

62.     Using her shoestrings, Ms. Moore tied a noose around her neck and attempted to hang herself during one of the prolonged intervals where she was left unattended.

**ANSWER:** Defendant admits the Plaintiff tied her shoestrings around her neck and attempted to step off a bench. Defendant lacks knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 62.

63.     The Defendant Officers were able to cut the shoe string before Ms. Moore suffered irreparable harm.

**ANSWER:** Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 63.

64.     As a result of the suicide attempt, Ms. Moore was taken to St. James Hospital for evaluation.

**ANSWER:** Defendant admits Plaintiff was transported to St. James Hospital. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 64.

65. At St. James Hospital, Ms. Moore's physical examination revealed low potassium levels. Medical studies reveal that low levels of potassium are linked to depression and mood swings.

**ANSWER:** Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 65.

66. The medical personnel at St. James Hospital recommended that Ms. Moore be taken for a mental health or psych evaluation as they were unable to provide one to Plaintiff.

**ANSWER:** Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 66.

67. Despite Ms. Moore's objectively serious medical condition, and the recommendation of the Department's own chosen medical providers, Ms. Moore was not taken to receive a mental health or psych evaluation.

**ANSWER:** Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 67.

68. Instead, in complete contravention of the medical advice, after Ms. Moore's physical examination was completed, the defendant officers placed Ms. Moore back into custody and took her back to the station where she was once again locked in a cage.

**ANSWER:** Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 68

69.    Ms. Moore's need for a psych evaluation constituted an objectively serious medical condition.

**ANSWER:** The allegations in paragraph 69 call for a legal conclusion for which no answer is required.

70.    By ignoring Ms. Moore's objectively serious medical condition and placing her back in a cage, the defendant officers showed a deliberate indifference to Plaintiff's medical needs.

**ANSWER:** Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 70.

71.    Plaintiff's mother, who had been appraised of the attempt, brought Ms. Moore's prescription medication to the Station but the Defendant Officers refused to allow Ms. Moore to take it.

**ANSWER:** Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 71.

72.    Rather, the defendant officers kept Ms. Moore in a cage for the remainder of that night and half of the next day.

**ANSWER:** Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 72.

73.    After nearly a day in custody, the defendants released Ms. Moore without charging her with any crime.

**ANSWER:** Defendant admits the Plaintiff was released without charging. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph73.

74.     After Ms. Moore was released, she sought treatment with her primary mental health physician.

**ANSWER:** Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 74.

75.     According to Ms. Moore's primary mental health physician, the unlawful arrest and detention by the defendants has had a negative effect on Plaintiff's mental health, requiring extensive additional treatment.

**ANSWER:** Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 75.

76.     Within days of this incident, Ms. Moore attempted to file a complaint against the defendant officers for their gross mistreatment of her.

**ANSWER:** Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 76.

77.     When Ms. Moore went to the Sauk Village Police Department, however, then-Deputy Chief Sailsbery refused to take Ms. Moore's complaint.

**ANSWER:** Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 77.

78.     In so doing, Deputy Chief Sailsbery, who had policymaking authority for the Police Department, ratified the misconduct that occurred.

**ANSWER:** Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 78.

79.     Deputy Chief Sailsbery also attempted to coerce Ms. Moore from filing a complaint with anyone about this incident by hinting at the threat of criminal charges against Ms. Moore.

**ANSWER:** Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 79.

80.     Worse, although evidence of Ms. Moore's gross mistreatment was recorded by the camera in the cage where she was unlawfully detained, Defendants purged the video.

**ANSWER:** Defendant denies the allegations in paragraph 80.

81.     The Sauk Village Police Department has a pattern and practice of failing to adequately train, supervise, and discipline their police officers.

**ANSWER:** Defendant denies the allegations in paragraph 81.

82.     Illinois law mandates that all extraordinary or unusual occurrences involving detainees be reported to the Office of Jail & Detention Standards within 72 hours.

**ANSWER:** Paragraph 82 contains a statement of law for which no answer is required.

83.     Defendant Luke did not file a Report of Extraordinary or Unusual Occurrences for this incident until August 20, 2015.

**ANSWER:** Defendant admits the allegations in paragraph 83.

84.     Further, had Ms. Moore not continued to file complaints against the Department with the agents of the Village outside of the police department (since the Police Department refused to take her complaint), then no Report of Extraordinary or Unusual Occurrences would have ever been filed in this case.

**ANSWER:** Defendant denies the allegations in paragraph 84.

85.     Despite multiple complaints against its officers, the Village fails to investigate these complaints and/or discipline its officers.

**ANSWER:** Defendant denies the allegations in paragraph 85.

86.     For example, in less than the last two years, there have been six complaints against Defendant Luke by citizens for his misconduct.

**ANSWER:** Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 86.

87.     On August 2, 2014, Defendant Luke was accused of harassment, abuse, false arrest and an illegal vehicle search by a female citizen.  Upon information and belief, this complaint was never investigated and/or Defendant Luke was never disciplined for his misconduct.

**ANSWER:** Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 87.

88.     On October 14, 2014, Defendant Luke was accused of dereliction of duty.  Upon information and belief, this complaint was never investigated and/or Defendant Luke was never disciplined for his misconduct.

**ANSWER:** Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 88.

89.     On October 15, 2014, Defendant Luke was accused of harassment and abuse by a female citizen.  Upon information and belief, this complaint was never investigated and/or Defendant Luke was never disciplined for his misconduct.

**ANSWER:** Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 89.

90.     On November 15, 2014, and again on December 13, Defendant Luke was accused of writing a false police report, abusing his authority, an illegal search and harassment by the same citizen.  Upon information and belief, this complaint was never investigated and/or Defendant Luke was never disciplined for his misconduct.

**ANSWER:** Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 90.

91.     On May 29, 2015, Defendant Luke was accused of lying, harassment, abuse, and false arrest by a female citizen. Upon information and belief, this complaint was never investigated and/or Defendant Luke was never disciplined for his misconduct.

**ANSWER:** Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 91.

92.     Upon information and belief, none of Ms. Moore's complaints were investigated and/or none of the Defendant Officers were ever disciplined for their misconduct.

**ANSWER:** Defendant denies the allegations in paragraph 92.

93.     As a direct and proximate result of the unlawful actions of the defendants, Plaintiff Shirley Moore was injured, including physical injuries, loss of freedom, humiliation, embarrassment, pain and suffering, fear, emotional trauma, mental anguish, the deprivation of her constitutional rights and dignity, interference with their normal life, lost time, and attorney's fees.

**ANSWER:** Defendant denies the allegations in paragraph 93.

## <u>COUNT I: 42 U.S.C. § 1983- Illegal Seizure</u>
### *Against Defendants Luke, Frederickson, Morris & Howard*

The allegations contained in Count I are not directed against Defendant Village of Sauk Village, therefore no answer is required to Count I.

## <u>COUNT II: 42 U.S.C. § 1983- Failure to Intervene (Illegal Seizure)</u>
### *Against Defendants Luke, Morris, Frederickson, and/or Howard*

The allegations contained in Count II are not directed against Defendant Village of Sauk Village, therefore no answer is required to Count II.

## <u>COUNT III: 42 U.S.C. § 1983- Illegal Search</u>

*Against Defendant Luke*

The allegations contained in Count III are not directed against Defendant Village of Sauk

Village, therefore no answer is required to Count III.

## COUNT IV: 42 U.S.C. § 1983- Failure to Intervene (Illegal Search)
*Against Defendant Frederickson*

The allegations contained in Count IV are not directed against Defendant Village of Sauk

Village, therefore no answer is required to Count IV.

## COUNT V: 42 U.S.C. § 1983- False Imprisonment
*Against Defendants Luke, Morris, Frederickson, and/or Howard*

The allegations contained in Count V are not directed against Defendant Village of Sauk

Village, therefore no answer is required to Count V.

## COUNT VI: 42 U.S.C. § 1983- Denial of Medical Care (Pre-Hospital)
*Against Defendant Officers*

The allegations contained in Count VI are not directed against Defendant Village of Sauk

Village, therefore no answer is required to Count VI.

## COUNT VII: 42 U.S.C. § 1983- Conspiracy to Deprive Constitutional Rights
*Against Defendant Officers*

The allegations contained in Count VII are not directed against Defendant Village of Sauk

Village, therefore no answer is required to Count VII.

## COUNT VIII: 42 U.S.C. § 1983- Denial of Medical Care (Post-Hospital)
*Against Defendant Officers*

The allegations contained in Count VIII are not directed against Defendant Village of Sauk

Village, therefore no answer is required to Count VIII.

## COUNT IX: 42 U.S.C. § 1983- Fifth Amendment Retaliation
*Against Defendant Officers*

The allegations contained in Count IX are not directed against Defendant Village of Sauk Village, therefore no answer is required to Count IX.

### COUNT X: 42 U.S.C. § 1983- Failure to train, Supervise, or Discipline (*Monell* Action)
### *Against Defendant Village of Sauk Village*

141.     Plaintiff realleges each of the foregoing paragraphs as if fully set forth here.

**ANSWER:** Defendant re-incorporates and re-alleges its answers to paragraphs 1-140 of this complaint as if incorporated and alleged herein.

142.     The constitutional violations detailed above were caused by the customs, policies, and practices of the defendants, as promulgated, enforced, and disseminated by the Village of Sauk Village, the Mayor of Sauk Village, the Sauk Village Board, members of the Sauk Village Board, the Sauk Village Police Department, and members of the Sauk Village Police Department, whereby those charged with ensuring compliance with the Constitution of the United States, in this case and many other cases, instead deliberately, willfully, and wantonly encourage the infliction of physical and psychological injuries onto the citizens of Sauk Village.

**ANSWER:** Defendant denies the allegations in paragraph 142, including subparagraphs a-d.

143.     The customs, policies, and practices that caused the constitutional violations herein include:

    a.    A code of silence whereby officers refuse to report the unconstitutional and criminal misconduct of other officers, including the unconstitutional and criminal conduct alleged in this Complaint; whereby officer remain silent or give false and misleading information during official investigations to cover up unconstitutional and criminal misconduct; and whereby officers maintain loyalty to each other over the constitutional rights of citizens;

    b.    The willful, wanton, and deliberately indifferent failure to train, supervise, and discipline police officers in regards to unconstitutional and criminal misconduct;

       c.      Failure to adequately investigate and substantiate allegations of unconstitutional and criminal misconduct by police officers; and

       d.      The failure to adequately discipline police officers that engage in unconstitutional and criminal misconduct.

**ANSWER:** Defendant denies the allegations in paragraph 143, including subparagraphs a-d.

144.    The policies, practices, and customs herein complained of are so prevalent and widespread within the Sauk Village Police Department as to put the Village of Sauk Village policymakers on actual and implied notice that such policies exist in full force and effect.

**ANSWER:** Defendant denies the allegations in paragraph 144.

145.    Sauk Village policymakers acted willfully, wantonly, and with deliberate indifference toward the constitutional rights of Ms. Moore by accepting, monitoring, maintaining, protecting, and encouraging the unconstitutional policies, practices, and customs listed in this Complaint.

**ANSWER:** Defendant denies the allegations in paragraph 145.

146.    By acting willfully, wantonly, and deliberately indifferent towards the constitutional rights of Ms. Moore, Sauk Village policymakers approved, encouraged, and caused the constitutional violations alleged in this Complaint.

**ANSWER:** Defendant denies the allegations in paragraph 146.

147.    As a proximate result of the above-detailed actions of the Defendants and Sauk Village policymakers, Ms. Moore was injured, including injuries resulting from the above-detailed constitutional violations, pain, suffering, anguish, embarrassment, emotional injuries, psychological injuries, physical injuries, and permanent injuries. In addition, the violations

proximately caused Ms. Moore great humiliation, exposed her to public scandal and disgrace, and caused her to incur various expenses, all to her damage.

**ANSWER:** Defendant denies the allegations in paragraph 147.

**WHEREFORE,** Defendant Village of Sauk Village denies that Plaintiff is entitled to any relief whatsoever and pray that judgement be entered for Defendant Village and against Plaintiff and that Defendant Village be awarded the costs of this suit and such other relief as may be appropriate.

<u>**COUNT X: 745 ILCS 10/9-102-- Indemnification**</u>
*Against Defendant Village of Sauk Village*

148.    Plaintiff re-alleges each of the foregoing paragraphs as if fully set forth here.

**ANSWER:** Defendant re-incorporates and re-alleges its answers to paragraphs 1-147 of this complaint as if incorporated and alleged herein.

149.    Defendant Village of Sauk Village is the employer of the Defendant Officers.

**ANSWER:** Defendant admits the allegations in paragraph 149.

150.    The individually-named defendants committed the acts alleged above under color of law and in the scope of their employment as employees of the Village of Sauk Village.

**ANSWER:** Paragraph 150 contains legal conclusions for which no answer is required.

<u>**COUNT XI: Intentional Infliction of Emotional Distress (State Law Claim)**</u>
*Against All Defendants*

151.    Plaintiff re-alleges each of the foregoing paragraphs as if fully set forth here.

**ANSWER:** Defendant re-incorporates and re-alleges its answers to paragraphs 1-150 of this complaint as if incorporated and alleged herein.

152.    The above-detailed conduct by Defendants Officers was extreme and outrageous, exceeding all bounds of human decency.

**ANSWER:** Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 152.

153.    Defendants Officers performed the acts detailed above with the intent of inflicting severe emotional distress or with knowledge of the high probability that the conduct would cause such distress.

**ANSWER:** Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 153.

154.    Defendant Sauk Village is sued in this to the doctrine of *respondeat superior*, in that Defendant Officers performed the actions complained of while on duty and/or in the employ of Defendant Sauk Village, and while acting within the scope of their respective employment.

**ANSWER:** Paragraph 154 calls for a legal conclusion for which no answer is required.

155.    As a direct and proximate result of this conduct, Plaintiff did, in fact, suffer severe emotional distress, resulting in injury to his mind, body, and nervous system, including loss of sleep, mental anguish, and excruciating physical pain and emotional suffering.

**ANSWER:** Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 155.

**WHEREFORE,** Defendant Village of Sauk Village denies that Plaintiff is entitled to any relief whatsoever and pray that judgement be entered for Defendant Village and against Plaintiff and that Defendant Village be awarded its costs of suit and such other relief as may be appropriate.

## AFFIRMATIVE DEFENSES

**AFFIRMATIVE DEFENSE 1.**  The Village of Sauk Village, a local public entity, is not liable for an injury resulting from an act or omission of its employees where the employees are not liable. 745 ILCS 10/2-109.

**AFFIRMATIVE DEFENSE 2.**  Defendant Village of Sauk Village is entitled to absolute immunity from liability pursuant to Section 2-201 of the Illinois Tort Immunity Act as Defendant Officers were engaged in the determination of policy or exercising discretionary authority. 745 ILCS 10/2-201

**AFFIRMATIVE DEFENSE 3.**  The Village of Sauk Village, a local public entity, is not, pursuant to Section 4-103 of the Illinois Tort Immunity Act, liable for failure to provide sufficient equipment, personnel, supervision or facilities in any jail, detention or correctional facility.   745 ILCS 10/4-103

**AFFIRMATIVE DEFENSE 4.**  The Village of Sauk Village, a local public entity, is not liable, pursuant to Section 4-105 of the Illinois Tort Immunity Act, for any injury proximately caused by the failure of an employee to furnish or obtain medical care for a prisoner in their custody where the employee did not know from their observation of conditions that the prisoner is in need of immediate medical care and did not, through willful and wanton conduct, fail to take reasonable action to summon medical care. 745 ILCS 10/4-105

**AFFIRMATIVE DEFENSE 5.**  Pursuant to Sections 6-105 and 6-106 of the Illinois Tort Immunity Act, Defendant Village is immune from liability for any failure to make adequate physical or mental examination, failing to diagnose an illness, or failing to prescribe for or treat a mental or physical illness. 745 ILCS 10/6-105; 745 ILCS 10/6-106

**AFFIRMATIVE DEFENSE 6.**  The Village of Sauk Village is prohibited, pursuant to Section 2-302 of the Illinois Tort Immunity Act, from indemnifying Defendant Officers against an award of punitive damages. 745 ILCS 10/2-302

Defendant reserves the right to supplement these affirmative defenses
as more information becomes available through the litigation in this matter.

Respectful Submitted,

Village of Sauk Village

By:  /s/  Michael K. Smith
One of its attorneys

Michael J. McGrath
Leslie Quade Kennedy
Mary Ryan Norwell
Michael K. Smith
ODELSON & STERK, LTD.
3318 West 95th Street
Evergreen Park, IL  60805
(708) 424-5678
*msmith@odelsonsterk.com*